UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
: 
PHILIP S. AURECCHIONE, :
: 
                    Petitioner, :        22 Civ. 3323 (JPC) (SLC)
: 
     -v- :        ORDER ADOPTING
:        REPORT AND
NEW YORK ATTORNEY GENERAL LETITIA JAMES :        RECOMMENDATION
(OFFICIAL CAPACITY), *et al.*, :
: 
                    Respondents. :
: 
------------------------------------------------------------------- X

JOHN P. CRONAN, United States District Judge:

On April 23, 2022, Petitioner Philip S. Aurecchione filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241(a) and 2252(a), challenging his arrest by Rockland County Sheriff's Deputies and his parole supervision by the New York State Department of Corrections and Community Supervision. *See generally* Dkt. 1. This case was referred to the Honorable Sarah L. Cave on April 27, 2022. Dkt. 5. Aurecchione's term of parole supervision then expired on May 11, 2022. Dkt. 13-2 at 29. Following Aurecchione's release from supervision, Respondents moved to dismiss the petition as moot under Federal Rule of Civil Procedure 12(b)(1) on June 29, 2022. Dkts. 13, 14. Aurecchione did not oppose that motion, but cross-moved for attorneys' fees under the New York State Equal Access to Justice Act, N.Y. C.P.L.R. § 8601, on August 8, 2022. Dkt. 15, 16.

On January 11, 2023, Judge Cave issued a Report and Recommendation recommending that the motion to dismiss be granted, the petition for a writ of habeas corpus be dismissed as moot, and the cross-motion for attorneys' fees be denied. Dkt. 24 at 17. Judge Cave concluded that the expiration of Aurecchione's term of parole supervision mooted his petition, *id.* at 9-10, and that

attorneys' fees were not warranted in this case because (1) no federal statutory authority allows a federal district court to grant attorneys' fees in state custody habeas corpus actions, *id.* at 14-15; (2) Aurecchione was not a "prevailing party" under the New York State Equal Access to Justice Act because his petition did not prompt a change in the Respondents' position, *id.* at 15; and (3) Respondents' position in the litigation was substantially justified, *id.* at 16.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court conducts a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, the court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. Dkt. 24 at 18. No objections have been filed and the time for making any objections has passed. The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992).

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation and finds it to be well reasoned and its conclusions well founded. Accordingly, the Court adopts the Report and Recommendation in its entirety. Respondents' motion to dismiss is therefore granted, Aurecchione's petition for a writ of habeas corpus is dismissed as moot, and

Aurecchione's cross-motion for attorneys' fees is denied. The Clerk of Court is respectfully directed to close the motions pending at Docket Numbers 13 and 15, enter judgment, and close this case.

SO ORDERED.

Dated: February 2, 2023
       New York, New York

_____
JOHN P. CRONAN
United States District Judge